IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALAN H. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) CV 04-AR-261-S |
| DR. WHITEHEAD, et.al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

Alan H. Williams filed a petition for writ of habeas corpus, in which he complains defendants failed to provide him proper medical care for a thyroid condition while he was an inmate at Jefferson County Jail. (Document #1). Plaintiff requests monetary damages for his pain and suffering. *Id.* at 5.

The purpose of a petition for writ of habeas corpus is to provide a remedy for prisoners who desire to challenge the "fact or duration" of their imprisonment, not to seek monetary damages from constitutional violations perpetrated by jail officials. *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977). Plaintiff's action is clearly a civil rights action pursuant to 42 U.S.C. § 1983, and shall be construed as such.[1]

---

[1] Pursuant to 42 U.S.C § 1983,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Plaintiff's civil rights complaint is deficient because he failed to file an application to proceed *in forma pauperis,* or pay the $150.00 filing fee. On April 26, 1996, the President signed the Prison Litigation Reform Act, which established new restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of that Act amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee <u>at the time he initiates the lawsuit</u>. *Dupree, v Palmer,* 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is for a prisoner who is "under imminent danger of serious physical injury." A review of this court's records reveals that plaintiff has filed at least three (3) cases which have been dismissed as meritless: *Alan Williams v. Mr. Whitehead*, Case No. CV 97-B-2107-S, *Alan H. Williams v. Dr. Whitehead, et.al.,* Case No. CV 98-AR-0039-S, and *Alan H. Williams v. Dr. Whitehead, et.al.,* Case No. CV 97-AR-3220-S. Thus, plaintiff comes within the provision of 28 U.S.C. § 1915(g), which precludes him from filing the instant action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

The Court has reviewed the allegations of plaintiff's complaint carefully and is satisfied that he has not alleged any facts to show that he is "under imminent danger of serious physical injury."

28 U.S.C.A. § 1915(g). Because plaintiff failed to pay the filing fee of $150.00 at the time he filed this complaint, the complaint is due to be dismissed.

Normally, such a dismissal would be without prejudice. However, plaintiff has already pursued the same underlying action in the above-styled case against the same defendants, and his claims were dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). See *Alan H. Williams v. Dr. Whitehead, et.al.*, Case No. CV 98-AR-0039-S. "Under the doctrine of res judicata, 'a final judgment on the merits [of a case] bars further claims by parties or their privies on the same cause of action.'" *Rubaii v. Lakewood Pipe of Texas*, 695 F.2d 541, 543, (11th Cir. 1983) (citing *Montana v. United States*, 440 U.S. 147, 153, 99, S.Ct. 973, 59 L.Ed.2d 210 (1979)). Thus, the claims in this action are due to be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

An appropriate Order shall be entered.

DATED this the 25th day of February, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE