IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALAN H. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 04-AR-261-S |
| | ) | |
| WARDEN BULLARD, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED MEMORANDUM OF OPINION

A Memorandum of Opinion (Document #2) and Order of Dismissal (Document #3) in this action were entered pursuant to 28 U.S.C. § 1915A on February 25, 2004. Since that date, plaintiff has mailed letters to the undersigned, Magistrate Judge Paul W. Greene, an unidentified recipient and United States District Court Clerk Perry Mathis. Said letters shall be collectively construed as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. In his first letter, plaintiff informs Perry Mathis that a "neurologist brain doctor" has determined his neck will have to be cut open, he desires to sue Warden Bullard, and Bullard is willing to settle the lawsuit for $75,000 dollars. (Motion, at 7).

On March 1, 2004, plaintiff informed Magistrate Judge Greene that he suffers from hyperthyroidism, and said disease causes blood to clot in his neck. *Id.* at 3. Plaintiff indicates that he has suffered from the disease since 1995 and the Department of Corrections has not done anything about it. *Id.* Plaintiff requests counsel be appointed to represent him, declares he needs a judgment "right now," and will settle for $75,000. *Id.* He instructs Judge Greene to go ahead and sue Warden Bullard, "then drop my case and let me go home." *Id.*



On March 4, 2004, plaintiff submitted a copy of a Clerk's mailing notice, on the back of which he complains that his life was in serious danger at Jefferson County Jail, and defendants Whitehead and Washington provided inadequate medical care. *Id.* at 2-3.

On March 15, 2004, plaintiff informed the undersigned that Warden Bullard needs to get plaintiff to the hospital "right now" because he is handicapped, sick, in pain, needs immediate surgery for his hyperthyroidism, and his life is in serious physical danger.[1]

After carefully reviewing the foregoing allegations, and conducting a *de novo* review of the record, this Court has concluded that plaintiff's Motion to Alter or Amend the Judgment is due to be DENIED IN PART and GRANTED IN PART. To the extent said motion could possibly be construed to pertain to the judgment entered against plaintiff and in favor of defendants Whitehead and Washington, said motion is due to be DENIED.

To the extent the Motion to Alter or Amend the Judgment pertains to the style of this action, same is due to be GRANTED. The styles of the Memorandum of Opinion (Document #2) and Order of Dismissal (Document #3) read, *"Alan H. Williams v. Dr. Whitehead, et. al."* However, to comport with the style of the complaint proffered by the Clerk of the Court, the original Memorandum of Opinion and original Order of Dismissal are due to be AMENDED to read, *"Alan Williams v. Warden Bullard, et. al."*

---

[1] *Id.* at 1. On the same date, plaintiff informed Eleventh Circuit Court of Appeals Clerk Thomas K. Kahn that he wanted the "Eleventh Circuit Court" to know he asked the district court "to get me" an out of court settlement of $75,000, and he needed "to get this money." *Id.* at 1. Plaintiff also reveals that "all the Doctor" does for him is administer pills for his hyperthyroidism, and that he needs surgery for his neck. *Id.* Plaintiff complains,

> I have real bad health problems[. N]ow I was diagnosed back in 1997[. S]ee this matter is getting the point where the doctor don't know[. S]ee it is . . . carbon monoxide an[d] I have brain problems d[ue] to this.

*Id.*

2

To the extent the Motion to Alter or Amend the Judgment pertains to defendant Bullard, same is due to be GRANTED because there was no judgment made regarding Bullard in the original Memorandum of Opinion and Order of Dismissal. Prior to making a determination regarding this defendant, it is noted that since 1997 [2], plaintiff has filed at least two (2) lawsuits against defendants Whitehead and/or Whitehead and Washington in which he alleges he was afforded inadequate medical care for his thyroid condition while at Jefferson County Jail, and an additional six (6) lawsuits wherein Whitehead and Washington were named as defendants. Three cases have been dismissed as meritless: *Alan Williams v. Mr. Whitehead*, Case No. CV 97-B-2107-S, *Alan H. Williams v. Dr. Whitehead, et. al.*, Case No. CV 98-AR-0039-S, and *Alan H. Williams v. Dr. Whitehead, et. al.*, Case No. CV 97-AR-3220-S. In the original Memorandum of Opinion (Document #2), plaintiff was informed that pursuant to 28 U.S.C. § 1915(g) "a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee <u>at the time he initiates the lawsuit</u>. *Dupree, v Palmer,* 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is for a prisoner who is 'under imminent danger of serious physical injury.'" (Document #2, at 2).

Plaintiff now contends that lack of healthcare at *W. E. Donaldson Correctional Facility* has placed him in serious danger of imminent physical injury. The Court has reviewed the original complaint (Document #1) and the basis for plaintiff's Motion to Alter or Amend the Judgment very carefully. Plaintiff attempted to file this action as a petition for writ of habeas corpus, and Bullard was only named as a defendant because the style of the 28 U.S.C. § 2254 form petition instructs that the respondent named should be "(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner." (Document #1, at 1). Plaintiff's only allegation in the original complaint was that he was afforded inadequate medical care while an inmate at Jefferson County Jail. *Id.* at 2-3. In

---

[2] It appears plaintiff has been in the custody of the Department of Corrections at least since August 14, 1997, the date he filed his complaint in *Williams v. Washington,* CV 97-B-2107-S.

3

fact, plaintiff claimed that he "did not get help until [he] got to Kilby" Correctional Facility, the institution in which all state inmates are initially processed into the state penal system. Plaintiff makes no claims against nor are there any facts showing Warden Bullard was involved in the incident made the basis of the complaint.

Even if the plaintiff's unsworn allegations regarding defendant Bullard in his Motion to Alter or Amend the Judgment are true, defendant Bullard is not a properly named defendant under the circumstances described by plaintiff. Further, said allegations, when viewed in their totality, appear to be delusional. All the same, unless Department of Corrections' officials have denied, delayed or interfered with plaintiff's medical treatment, only the members of the medical staff who failed to provide adequate treatment to plaintiff are properly named defendants. Accordingly, the Memorandum of Opinion is due to be AMENDED to reflect that any claims against Warden Bullard are due to be DISMISSED WITHOUT PREJUDICE. Finally, plaintiff's request for appointment of counsel is due to be DENIED.

If plaintiff desires to pursue legal action concerning any lack of medical care he believes he has received at W. E. Donaldson Correctional Facility, he is ADVISED to file a <u>new</u> 42 U.S.C. § 1983 complaint, an application to proceed *in forma pauperis*, and an affidavit under oath or penalty of perjury which specifically explains why plaintiff believes he is in serious danger of imminent physical injury. To assist plaintiff in his endeavors, the Court instructs plaintiff that his complaint

> should name as defendants only those persons who violated his constitutional rights and should state clearly how each named defendant violated his constitutional rights. In doing so, plaintiff should state what his medical problems are, the <u>names</u> of the persons whom he informed that he needed medical treatment, the method used to inform each person, the <u>date</u> on which each person was informed, and what responses, if any, he received. If plaintiff has had any <u>discussions</u> with his medical care providers regarding the proper diagnosis and treatment of any medical illness about which he complains he received inadequate treatment, plaintiff must provide, in complete detail, the substance of his conversation with medical personnel.

**This Order shall not be interpreted to alter the substance of the original Memorandum of Opinion and original Dismissal Order. Further, the original Memorandum of Opinion is incorporated as if fully set out herein, with the exception of the amendments specifically described hereinabove.**

An appropriate Order shall be entered.

DATED this the 30th day of April, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE